# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LINDA COLLIER,

       Plaintiff,

v.                                                                Case No:   6:23-cv-1861-PGB-LHP

GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY,

       Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF A 502(d) ORDER (Doc. No. 22)**
>
> **FILED:**  **October 23, 2023**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant asks the Court to enter an Order pursuant to Federal Rule of Evidence 502(d).   Doc. No. 22.   Plaintiff does not oppose.   *Id.* at 3.

Federal Rule of Evidence 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation

pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."   Fed. R. Evid. 502(d).   As the Rule makes clear, the decision on whether to enter an order pursuant to Rule 502(d) is discretionary. *Id*.   However, "[f]ederal courts, including those in Florida, routinely enter such orders upon request of the parties."   *Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-3052-T-36-SPF, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases).

Upon review of the proposed order submitted by Defendant, *see* Doc. No. 22-1, the Court finds the request well taken.   Accordingly, Defendant's Unopposed Motion for Entry of a Rule 502(d) Order (Doc. No. 22) is **GRANTED**, and it is **ORDERED** as follows:

1.   This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence, and shall be applicable to and govern all deposition transcripts and/or videotapes, and hard-copy documents and electronically stored information ("ESI") produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted or disclosed by any of the parties in connection with this litigation, as well as testimony adduced at trial or during any hearing (collectively "Information").

2.     The production or disclosure of any privileged or otherwise protected or exempted Information ("Protected Information"), as well as the production or disclosure of Information without an appropriated designation of confidentiality, shall not be deemed a waiver, forfeiture or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded work product materials, that the producing or disclosing party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

3.     The production or disclosure of Protected Information, whether inadvertent or otherwise, is not a waiver or forfeiture of the privilege or the protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d).

4.     The producing or disclosing party must promptly notify the party receiving the Protected Information, in writing, that she or it has produced or disclosed Protected Information without intending a waiver by the production or waiver.   Upon receiving such notification, all such Protected Information, and all copies thereof, shall, except as provided in paragraph 4, be returned to the producing

or disclosing party within fifteen (15) business days of receipt of such notice and the receiving party shall not use such Protected Information for any purpose.   The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Protected Information in electronic format.

5.    The receiving party may contest the privilege or work-product designation or claim by the producing or disclosing party and, in such an event, shall give the producing or disclosing party written notice of the reason for said disagreement.   However, the receiving party may not challenge the privilege, protection or immunity claim by arguing that the production or disclosure itself is a waiver or forfeiture of any applicable privilege or protection.   In such instance, the receiving party shall, within fifteen (15) business days of receipt of the notice from the producing or disclosing party, seek an Order from the Court determining whether the Information claimed to be Protected Information is, in actuality, privileged and/or work-product material. Should the Court determine that the Information is not privileged and/or work-product protected material, the receiving party may retain and use such Information as is consistent with the Federal Rules of Evidence and the Federal Rules of Civil Procedure.   Should the

Court determine that the Information is privileged and/or work-product protected material, then the receiving party shall comply with paragraph 3 hereof.

6.      Any analyses, memorandum or notes which were internally generated based upon such produced or disclosed Protected Information deemed privileged or to constitute work-product protected material shall immediately be placed in a sealed envelope, and shall be destroyed in the event that (a) the receiving party does not contest that the Information is privileged and/or protected work product, or (b) the Court rules that the Information is privileged and/or protected work product.  Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing or disclosing party agrees in writing that the Information is not privileged or protected work product, or (b) the Court rules that the Information is not privileged or protected work product.

7.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties